IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE ARMSTRONG,** | : CIVIL ACTION NO. 1:20-CV-1282 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **DAUPHIN COUNTY PRISON,** | : |
| **Defendant** | : |

### MEMORANDUM

Plaintiff Tyrone Armstrong, an inmate presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff names as defendant Dauphin County Prison and alleges that the air he breathes is contaminated by mold on the walls and in the shower. (Doc. 1 at 1.) An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint with leave to amend granted.

**I.    Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity.  See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).

## II.   Discussion

In order for plaintiff to state a claim under § 1983, he must allege a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law.  See Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005).  Plaintiff's complaint fails to make this requisite showing against the Dauphin County Prison, the only named defendant, because it does not qualify as persons under § 1983.  Therefore, it cannot be held liable under

---

[1] Section 1915(e)(2) of title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
  (A) the allegation of poverty is untrue; or
  (B) the action or appeal --
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

the statute. Specifically, a county prison facility is not a "person" within the meaning of the statute. See, e.g., Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (holding that the county prison was not a person capable of being sued within the meaning of § 1983). As such, plaintiff has failed to state a claim upon which relief may be granted, and the complaint will be dismissed.

### III. Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Because it is possible that plaintiff may be able to remedy his pleading defects in an amended complaint, the court will permit plaintiff to file an amended complaint.

## IV. Conclusion

Based on the foregoing, the court finds that plaintiff has failed to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice, with leave to amend granted.

An appropriate order shall issue.

                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania

Dated:   January 22, 2021